```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


EDWARD LEE PARKER,            )
                              )
               Plaintiff,     )
                              )
vs.                           )     Case No. 07-1088-MLB
                              )
MICHAEL J. ASTRUE,            )
Commissioner of               )
Social Security,              )
                              )
               Defendant.     )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. Plaintiff, who is pro se, filed this case on March 28, 2007 in Sedgwick County District Court (Doc. 1). The case was removed to this court on March 30, 2007 (Doc. 2). Defendant answered on June 13, 2007 (Doc. 10), and filed the administrative record on June 14, 2007. On November 15, 2007, the court issued an order directing plaintiff to file his brief no later than December 10, 2007 (Doc. 11). Plaintiff filed a brief on November 26, 2007 (Doc. 12).

Plaintiff's brief, in relevant part, states as follows:

1

> I AM ASKING THE COURTS TO REVIEW BECAUSE S.S.A. DID NOT GET ALL MEDICAL RECORDS NEEDED.  I HAD TO PAY SIXTY DOLLAR TO ORDER FILES NEEDED MYSELF...I WOULD ALSO LIKE TO ASK THE COURT TO SEND THE CASE BACK TO THE HEARING OFFICE WITH JUDGMENT FOR COSTS AND FEE RETURNED TO PLAINTIFF.

(Doc. 12).  Defendant filed a motion to dismiss on December 14, 2007 (Doc. 13-14), arguing that plaintiff does not present any claim or provide any basis whatsoever for returning the case to the hearing office.  Plaintiff has not responded to the motion to dismiss.

Plaintiff filed his claims for disability insurance benefits and supplemental security income on September 27, 2004 (R. at 12), asserting that he has been disabled since October 30, 2002 (R. at 12, 67, 247).  On July 24, 2008, Melvin Werner, the administrative law judge (ALJ), issued a decision that plaintiff was not disabled, finding at step five that plaintiff could perform other work which exists in significant numbers in the national economy (R. at 20-21).  The Appeals Council denied the request for review on September 21, 2006 (R. at 4).  Plaintiff has sought judicial review of the administrative decision.

A _pro se_ plaintiff's pleadings are to be construed liberally and are held to a less stringent standard than pleadings drafted by lawyers.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991)(citing <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)).  The court will recognize and consider a _pro se_ plaintiff's claims

despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements.  Id.  But, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  Id.  Therefore, the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues," Drake v. City of Ft. Collins, 927 F.2d 1156, 1159 (10th Cir. 1991); or "supply additional factual allegations to round out plaintiff's complaint or construct legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's only specific argument is that the defendant did not obtain all the medical records, and he had to obtain those records himself at his expense.  A pleading filed with the Sedgwick County District Court, filed March 13, 2007, similarly states that "APPEAL COUNCIL DID NOT GET ANY OF THE BACK MEDICAL REPORTS OR ANY OF THE BILL OF MY SELF TRYING TO STAY HEALTHY" (Doc. 1-2, page 2 of 11).

The medical records provided by the plaintiff include a number of checks of payments to medical providers, billing and cost statements relating to plaintiff's medical care from 2001-2005 (Doc. 1-2, 1-3), and medical records from 1987-1988 (Doc. 1-3, 1-4, 1-5).  These records indicate plaintiff underwent a decompressive laminectomy L4 and L5 on April 21, 1988 (Doc. 1-3,

pages 10-12; Doc. 1-4, page 1). These medical records are not found in the administrative record. However, Dr. Oomen, who performed a consultative examination of the plaintiff on January 20, 2005, noted that plaintiff had undergone lumbar spine surgery 18 years ago (R. at 203). The ALJ gave "significant weight" to the opinions of Dr. Oomen when making findings regarding plaintiff's residual functional capacity (RFC) (R. at 19). The state agency RFC medical assessment also referenced plaintiff's laminectomy at L4 and L5 (R. at 209).

    42 U.S.C. § 423(d)(5)(B) states as follows:

> In making any determination with respect to whether an individual is under a disability or continues to be under a disability, the Commissioner of Social Security shall consider all evidence available in such individual's case record, **and shall develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability. In making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination**, prior to evaluating medical evidence obtained from any other source on a consultative basis.

(emphasis added). In the recent case of <u>Madrid v. Barnhart</u>, 447 F.3d 788, 790 (10th Cir. 2006), the court set forth the applicable law regarding the ALJ's duty to develop the record regarding medical evidence:

> "It is beyond dispute that the burden to prove disability in a social security case is on the claimant." <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir.1997); 20 C.F.R. § 404.1512(a) ( "[Y]ou must bring to our attention everything that shows that you are ⋯ disabled."). Nevertheless, because a social security disability hearing is a nonadversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.' " <u>Hawkins</u>, 113 F.3d at 1164 (quoting <u>Henrie v. United States Dep't of Health & Human Servs.</u>, 13 F.3d 359, 360-61 (10th Cir.1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[ ] fully into the issues"). Generally, this means that the "ALJ has the duty to...obtain[ ] pertinent, available medical records which come to his attention during the course of the hearing." <u>Carter v. Chater</u>, 73 F.3d 1019, 1022 (10th Cir.1996). Moreover, the ALJ's "duty is heightened" when a claimant, like Mr. Madrid, appears before the ALJ without counsel. <u>Henrie</u>, 13 F.3d at 361; <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1374 (10th Cir.1992) (same); see also <u>Dixon v. Heckler</u>, 811 F.2d 506, 510 (10th Cir.1987) ("The [ALJ's] duty of inquiry takes on special urgency when the claimant has little education and is unrepresented by counsel.").

In this case, plaintiff alleges disability beginning October 30, 2002 (R. at 67, 247). The medical records from 1987-1988 included in the court pleadings predate the alleged onset date by 14-15 years.[1] As the above statute makes clear, the ALJ is required to develop a complete medical history of at least the 12 months preceding the alleged onset date. Plaintiff has failed to

---

[1]The court would note that there is no indication in the administrative record that plaintiff asked the ALJ to obtain any additional medical records.

5

demonstrate how the medical records from 1987-1988 have any relevance to a determination of whether plaintiff was disabled in 2002.  Furthermore, the medical records from 1987-1988 primarily reference plaintiff's back problems which led to surgery in 1988.  This surgery was referenced by Dr. Oomen, the consultative examiner, and by the physician who filled out the state agency RFC medical assessment.  Thus, the fact of plaintiff's surgery in 1988 was before the state medical consultants and the ALJ.  The court finds no error by the ALJ for not obtaining the additional medical records submitted by the plaintiff.

   The only other records submitted by the plaintiff are checks of payments to medical providers, billing and cost statements relating to plaintiff's medical care from 2001-2005.  However, these records say nothing about the nature of the medical care which was the basis for the charges or payments.  Therefore, they are not relevant to the issue of whether plaintiff was disabled as of October 30, 2002, and the ALJ had no duty to request or obtain these records.  The ALJ obtained plaintiff's medical records from Wesley Clinic (2001), Novocare Physical Rehabilitation (2000-2002), Kansas Orthopedic Center (2003), Wesley Family Practice Center (2001-2006) (R. at 147-200, 217-236).  Plaintiff has failed to identify any available, pertinent medical records that came to the ALJ's attention which the ALJ failed to make a reasonable effort to obtain.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the defendant. A copy of this recommendation and report shall be mailed to the plaintiff by regular mail and by certified mail, return receipt requested. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, January 10, 2008.

> s/John Thomas Reid
> JOHN THOMAS REID
> United States Magistrate Judge