IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| EDWARD LEE PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No.  07-1088-MLB |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the court are the following:

1. U.S. Magistrate Judge John Thomas Reid's Recommendation and Report dated January 10, 2008 (Doc. 15);

2. Plaintiff's objections (Doc. 16);

3. Defendant's response (Doc. 17); and

4. Plaintiff's response (Doc. 18).

The court has considered plaintiff's submissions in accordance with the applicable standards and in view of plaintiff's pro se status.

After a hearing before and an adverse decision by an administrative law judge, plaintiff's claims for disability insurance benefits and supplemental security income were denied by the Appeals Council in September 2006.  Plaintiff filed this case in March 2007 seeking review of the Appeals Council's decision.  Magistrate Judge Reid noted that plaintiff's only specific argument was that the ALJ did not obtain all his medical records and that plaintiff had to obtain the records himself at his expense.  Judge Reid reviewed the medical records provided by plaintiff and noted that the ALJ also

reviewed the records in reaching his decision. Judge Reid observed that "plaintiff has failed to identify any available, pertinent medical records that came to the ALJ's attention which the ALJ failed to make a reasonable effort to obtain."

The only arguably relevant objection made by plaintiff is: "Also all new medical records after the claim was first filed could be added in than that would save time and taxpayer's money. Medical record dated after 9-27-04 thur [sic] present." Plaintiff, in document #18, asserts that he was "told by S.S.A." that he could not use a disability commencement of December 1987. Plaintiff cites an order of Senior U.S. District Judge Richard D. Rogers in the case of another claimant (Saterfiel v. Apfel, Case No. 98-4158) for the proposition that if he had been allowed to file his disability claim of December 1987, "That would havce [sic] took care of all medical fees, ect [sic]." As near as the court can discern, plaintiff's complaint is that he had to spend $60.00 to obtain medical records, which he now seeks to have refunded. This is insufficient to identify any error in Judge Reid's Report and Recommendation and accordingly, plaintiff's objection is overruled and the Report and Recommendation is adopted in its entirety.

IT IS SO ORDERED.

Dated this __25th__ day of February 2008, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE